UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY JO WATKINS, on behalf of herself and other similarly situated individuals** | **CASE NO.** _____ |
| **VERSUS** | |
| **BATON ROUGE HOTELIERS, LLC, UNR HOSPITALITY, LLC, and RAJESH PATEL** | |

**COMPLAINT – COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT**

Plaintiff Amy Jo Watkins submits this complaint and states the following:

1.

This is an FLSA collective action brought by Amy Jo Watkins, who is a former employee of defendants Baton Rouge Hoteliers, LLC, UNR Hospitality, LLC, and Rajesh Patel (collectively, "Patel Defendants"). Plaintiff seeks redress on behalf of herself and all others similarly situated for the defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

2.

The putative collective action group consists of front desk workers currently or previously employed by Patel Defendants, who were paid on a straight hourly basis and have not received the overtime to which they are entitled under the Fair Labor Standards Act.

1

3.

The plaintiff seeks restitution of unpaid wages, an award of damages, attorneys' fees, and costs to make the plaintiff and the collective action members whole for the damages they have suffered due to the Patel Defendants' violations of law.

### *Jurisdiction*

4.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

### *Venue*

5.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

### *The Plaintiff*

6.

At all times pertinent to this action, the plaintiff and other hourly employees of Patel Defendants were employed by the defendants to perform front desk work at several hotels owned by the Patel Defendants, the majority of which are located within this District.

7.

The plaintiff and the collective action members were employees of the Patel Defendants during the time period to which this action pertains.

*The Defendants*

8.

Made defendants herein and liable unto plaintiff and other similarly situated individuals are the following:

I. Baton Rouge Hoteliers, LLC, a domestic limited liability company organized under the laws of the State of Louisiana and authorized to do and doing business in Louisiana;

II. UNR Hospitality, LLC, a domestic limited liability company organized under the laws of the State of Louisiana and authorized to do and doing business in Louisiana; and

III. Rajesh Patel, the managing member of Baton Rouge Hoteliers, LLC and UNR Hospitality, LLC, who is an individual of the full age of majority residing, upon information and belief, in Denham Springs, Louisiana.

*Statement of Facts*

9.

Baton Rouge Hoteliers, LLC and UNR Hospitality, LLC provide hotel services throughout the greater Baton Rouge area and elsewhere in Louisiana.

10.

Patel Defendants employed Plaintiff Watkins beginning on or about October 29, 2018 through about November 6, 2019. During that time, Plaintiff Watkins often worked in excess of 40 hours per week.

11.

Plaintiff normally worked from 3:00 pm until 11:00 pm Tuesday through Friday, and 7:00 am until 3:00 pm on Saturday and Sundays, totaling 48 hours for a normal workweek.

12.

Despite the fact that plaintiff was a non-exempt employee under the Fair Labor Standards Act, she was never paid an overtime rate of one and one-half times her regular rate of pay for hours worked in excess of 40 hours per week. Instead, Patel Defendants would pay plaintiff for 40 hours by check, and would give plaintiff an envelope containing cash to cover her additional hours at her regular rate of pay. Plaintiff is aware of other reception/desk workers employed by the Patel Defendants who were not paid at all for overtime hours worked, or who were paid only their regular rate of pay.

13.

The Patel Defendants have also willfully and improperly avoided paying overtime to many other employees. Plaintiff is aware of other current and former employees of the Patel Defendants who worked there without receiving overtime pay.

*FLSA Coverage*

14.

At all times relevant to this action, Patel Defendants have been an enterprise engaged in commerce or in the production of goods for commerce, with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

15.

At all times relevant to this action, Patel Defendants have been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

16.

The Patel Defendants are the plaintiff's "employer" as that term is defined by the FLSA at 29 U.S.C. 203(d). The Patel Defendants suffered or permitted the plaintiff to work in its hotels.

Patel Defendants controlled the method, manner, location, and time of plaintiff's work, and they set the hours that the plaintiff was required to work.

17.

Defendant Rajesh Patel is a member of Baton Rouge Hoteliers, LLC and UNR Hospitality, LLC. Upon information and belief, Defendant Patel was ultimately responsible for the practice of depriving the plaintiff and other employees of overtime pay for hours worked in excess of 40 hours per week. He is therefore personally liable to the plaintiff for the damages sought in this lawsuit.

### *FLSA Collective Action Allegations*

18.

The claims set forth above are brought by the plaintiff on behalf of herself and all persons who were, are, or will be employed by Patel Defendants during the applicable statutes of limitations, who were not compensated at one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week.

19.

Plaintiff seeks to represent similarly situated front desk workers who were paid on an hourly basis without receiving overtime pay from Patel Defendants during the applicable statutes of limitation.

20.

The Patel Defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

21.

There are questions of fact and law common to the class, including whether Patel Defendants failed to pay overtime wages as required by the FLSA.

22.

The plaintiff and the collective action members she seeks to represent are similarly situated and are subject to the Patel Defendants' unlawful employment practices outlined above. Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for the plaintiff are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

### *Failure to Pay Overtime Violation of FLSA*

23.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-22 above as if fully contained herein.

24.

The FLSA applies to the Patel Defendants' employment of the plaintiff and other employees engaged in front desk work.

25.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

26.

The Patel Defendants have willfully refused to pay overtime to the plaintiff and the collective action members whom she seeks to represent for hours worked in excess of 40 hours per week.

27.

Attached hereto and made a part hereof as Exhibit A is the *FLSA Consent to Sue* form executed by Ms. Watkins in accordance with 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Amy Jo Watkins, for herself and on behalf of the collective action members she seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

3. An order appointing plaintiff and her counsel to represent the collective action members;

4. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA;

5. A judgment declaring that Rajesh Patel is liable *in solido* with Baton Rouge Hoteliers, LLC and UNR Hospitality, LLC for damages as provided by the FLSA, including liquidated damages, reasonable attorney's fees, costs, and expenses of this action; and

6. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*_____
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
Vivian Jeansonne (La. Bar Roll No. 37177)
850 North Boulevard
Baton Rouge, LA 70802
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*

Respectfully Submitted:

**Law Office of Ted Williams**

*/s/ Ted Williams*_____
Ted Williams (La. Bar Roll No. 22690)
212 Laurel Street
Baton Rouge, LA 70801
Telephone:  (225) 336-9600
Facsimile:   (225) 709-1554
Email: tedwilliams11@bellsouth.net
*Attorney for Plaintiff*